**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**
**COLUMBUS, OHIO**

**MICHAEL G. MOE**
9321 Roley Road                                    **CASE NO. 2:16-cv-00654**
Sugar Grove, Ohio 43155,

                    **Plaintiff,**

         **-vs-**

**CITY OF LOGAN**
10 South Mulberry Street
Logan, Ohio 43138

**PATROLMAN ETHAN DOERR**
c/o Logan Police Department
50 South Mulberry Street
Logan, Ohio 43138

**Various John Does 1-10,**

                    **Defendants.**

---

**VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

---

         This is an action for money damages to redress the deprivation by the Defendants of

rights secured to the Plaintiff by the Constitution and laws of the United States and the State of

Ohio.  The Defendants arrested the Plaintiff unlawfully, without a warrant and without probably

cause, to punish the Plaintiff for exercising his right to be secure in his person.  In the course of

the arrest, the Defendants used unreasonable force against the Plaintiff.

## JURISDICTION AND VENUE

         1.      This action arises under The Civil Rights Act of 1964, USC Section 1983 and 28

USC Sections 1331, 1343(3) and 1367(a) and the principal of pendent jurisdiction.

2.      The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

3.      Venue is appropriate in the district pursuant to 28 USC § 1391(b), because, during relevant times, Defendants were residing in or had agents or transacted their illegal conduct in this district.  Venue is also appropriate in this district because this is the judicial district in which the claims arose.

4.      The acts constituting the violation of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Southern District of Ohio.

## PARTIES

5.      During all times mentioned in this Complaint, the Plaintiff was, and he is, an adult citizen of the United States residing in Sugar Grove, Ohio.

6.      During all times mentioned in this Complaint, the Defendant the City of Logan, is a municipal corporation in the State of Ohio, employer of Defendants Ethan Doerr and John Does 1-10 which has prosecution powers and law enforcement powers granted to it under the Ohio Constitution and the Ohio Revised Code.

7.      During all times mentioned in this Complaint, the Defendant Ethan Doerr, was a duly appointed officer in the police department of the City of Logan, Ohio, acting in his official capacity.  He is sued, however, only in his individual capacity.

8.      Plaintiff sues Defendants John Does 1-10 by their ficticious names and will amend this Complaint to allege their true identities when ascertained.

## STATEMENT OF THE FACTS

9.     During all times mentioned in this Complaint, the Defendants were acting under color of law, that is, under color of the Constitution, statutes, laws, charter, ordinances, rules, regulations, customs and usages of the State of Ohio and the City of Logan.

10.     At all times mentioned in this Complaint, the Defendants acted jointly and in concert with each other.  Each Defendant had the duty and the opportunity to protect the Plaintiff from the unlawful action of the other Defendant, but each Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

11.     At approximately 3:12 p.m., on February 2, 2015, in the 1300 block of West Hunter Street, Logan, Ohio, the Plaintiff attempted to exercise his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution from being arrested while peacefully and legally as a passenger in a motor vehicle.

12.     The Defendants responded to the Plaintiff's said exercise of his Fourth and Fourteenth Amendment rights by arresting the Plaintiff on a charge of Obstructing Official Business in violation of §136.06A of the Ohio Revised Code.

13.     The said arrest was made to punish the Plaintiff for exercising his rights to be secure in his person and effects from unreasonable seizure, the exercise of which rights are assured to the Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.  The Plaintiff committed no crime and the Defendants knew the Plaintiff had committed no crime.

14.     The arrest was made without a warrant and without probable cause.

15.     The Defendants thereupon assaulted the Plaintiff, grabbing him in a vicious manner, injuring the Plaintiff and cursing and swearing at the Plaintiff and destroying personal property within and on his motor vehicle.

16.     The Defendants thereupon caused the Plaintiff to be held in police custody for a period of time although the Defendants knew that the Plaintiff was a local resident.

17.     The Defendants thereupon prepared a false police report, which they knew and intended would be forwarded to a prosecuting attorney and relied upon by the prosecuting attorney in deciding whether to prosecute the Plaintiff and, if so, the manner in which the Plaintiff's prosecution should be handled.  In preparing the said report, the Defendants acted maliciously and willfully.

18.     As a direct and proximate result of the acts and omissions of the Defendants herein described, the Plaintiff in custody for a period of time, was required to appear in the Hocking County Municipal Court on several occasions as an accused criminal, was required to spend money to retain the services of an attorney to defend himself against the said false charges, was caused to suffer great physical pain and agony and economic loss, suffered bruises, and contusions over the upper portion of his body, pain, dizziness and fear, lost for a time the ability to enjoy life in the manner customary for him, was caused great mental and emotional pain and anguish and suffering, and has been chilled in his exercise of his rights to be secure in his person under the Fourth and Fourteenth Amendments to the United States Constitution, and in addition has suffered the loss of all the constitutional rights described herein.

19.     On April 27, 2015, said criminal charge of obstructing official business was dismissed by a judge of the Hocking County Municipal Court.

## FIRST CAUSE OF ACTION
### (Civil Rights)

20.    Paragraphs 1 through 19 are realleged and incorporated herein by reference as if fully re-written herein.

21.    In the manner described herein, the Defendants acted with reckless disregard.

22.    In the manner described herein, the Defendants deprived the Plaintiff of his rights to be secure in his person and property, freedom from unreasonable arrest, search and seizure, freedom from warrantless arrest, freedom for arrest without probable cause, freedom from unreasonable use of unreasonable force by a police officer, freedom from malicious prosecution, and due process of law.  All of these rights are secured to the Plaintiff by the provisions of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and by Title 42 U.S.C. §1983 and §1988.

23.    In the manner described herein, the Defendants deprived the Plaintiff of his rights to be free from assault and battery, false imprisonment, abuse of process, malicious prosecution, intentional infliction of emotional distress and negligence in the performance of police duties. All of these rights are secured to the Plaintiff by the provisions of Ohio law, which are invoked under the pendent jurisdiction of this court.  The damages sustained by Plaintiff are believed by him to exceed the sum of $3,000,000.00.

## SECOND CAUSE OF ACTION
### (False Arrest)

24.    Paragraphs 1 through 23 are realleged and incorporated herein by reference as if fully rewritten.

25.    On February 2, 2015, Defendants Doerr and John Does 1-10, while purporting to act in their duty as police officers, arrested Plaintiff without a warrant and without cause.

5

26.    As a result of the unlawful arrest, Plaintiff was in custody for a period of time and otherwise subjected to various indignities and humiliation.

27.    Plaintiff incurred attorney fees in obtaining his release.

28.    Defendants actions were willful and malicious.

29.    Plaintiff has suffered humiliation, loss of reputation, and physical and mental pain.

30.    By reason of Defendants violations alleged above, Plaintiff was directly and proximately injured in his person and property.  The damages sustained by Plaintiff are believed by him to exceed the sum of $1,500,000.00 plus interest and costs.

### THIRD CAUSE OF ACTION
#### (Assault & Battery)
#### (Defendant Doerr)

31.    Paragraphs 1 through 30 are realleged and incorporated herein by reference as if fully rewritten herein.

32.    On February 2, 2015, at 3:12 p.m., Defendant Doerr threatened Plaintiff with great bodily harm and manhandled Plaintiff on a street located in the 1300 block of West Hunter Street, Logan, Ohio, causing Plaintiff great injury and pain to his person.

33.    Said assault and battery was intentional and malicious.

34.    Plaintiff has incurred expenses and lost earnings.  Further expenses will be incurred in the future as Plaintiff has been permanently emotionally and socially impaired.

35.    Plaintiff has incurred and will incur reasonable attorney fees and has been damaged as to his person and property in the amount of $2,500,000.00.

## FOURTH CAUSE OF ACTION
### (Unlawful Arrest)

36.     Paragraphs 1 through 35 are realleged and incorporated herein by reference as if fully rewritten herein.

37.     On or about February 2, 2015, Defendant Doerr was a police officer in the City of Logan, Ohio.

38.     On said date, Defendant Doerr arrested Plaintiff without a warrant and took him into custody.

39.     Said arrest was unlawful and made without probable cause, because Defendant Doerr had no information which reasonably connected Plaintiff with the crime for which said arrest could be made.

40.     Said arrest was made maliciously, without cause and out of sprite and in ill will towards the Plaintiff.

41.     As a result, Plaintiff suffered shame and disgrace, and was forced to pay a bond of $30, while being responsible for $300 to secure his release.

## SIXTH CAUSE OF ACTION
### (Malicious Prosecution)

42.     Paragraphs 1 through 41 are realleged and incorporated herein by reference as if fully rewritten herein.

43.     On or about February 3, 2015, Defendant City of Logan, Ohio, initiated criminal proceedings against Plaintiff by filing an affidavit with the clerk of the Hocking County Municipal Court charging Plaintiff with Obstructing Official Business.

44.     Said charges were dismissed prior to trial of said matters by the Court on April 27, 2015.

45.    Defendant filed said affidavit out of malice, hatred, and ill will towards the Plaintiff for the sole purpose of harassing and embarrassing the Plaintiff.

46.    Defendant had no probable cause for filing said affidavit.

47.    As a result, Plaintiff was cited to Court, was forced to lose time from his employment, has lost respect in the community and was required to spend monies for attorney fees for his defense.

WHEREFORE, the Plaintiff claims judgment against the Defendants and each of them, jointly and severally as follows:

A.    Compensatory damages in the amount this Court shall consider to be just and fair;

B.    Punitive damages in an amount of $10,000,000.00;

C.    Attorney fees and the cost of this action;

D.    Such other relief as this Court shall consider to be fair and equitable.


Respectfully submitted,

F. HARRISON GREEN CO., L.P.A.


_____/s/ F. Harrison Green_____
F. Harrison Green, Trial Attorney for
Plaintiff, Michael G. Moe
Ohio Supreme Court Reg. #0039234
Executive Park, Suite 230
4015 Executive Park Drive
Cincinnati, Ohio  45241
Tel. (513) 769-0840
Fax (513) 563-2953
Email:  fhgreen@fuse.net

## **JURY DEMAND**

The Plaintiff hereby respectfully requests that this matter be tried by a jury of his peers.


_____/s/ *F. Harrison Green*_____
F. Harrison Green

## **VERIFICATION**

State of Ohio
County of  Hocking, SS:

I, Michael G. Moe, have read the above statements and believe them to be true to the best of my knowledge.

MICHAEL G. MOE

Before me a Notary Public in and for said State personally appeared Michael G. Moe and did sign and swear to the foregoing statements on this the  1st  day of June, 2016.
JULY

Notary Public
Commission Expire   May 6, 2021

10